83 F.3d 415
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leonard Ricky KELLY, Plaintiff-Appellant,
v.
Franklin FREEMAN; Ernest B. Fullwood; Robert L. Farmer,
Defendants-Appellees.
 No. 95-6914.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1995.
Decided April 23, 1996.
 
 Leonard Ricky Kelly, Appellant Pro Se.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Leonard Ricky Kelly appeals from a district court order dismissing his 42 U.S.C. § 1983 (1988) claim. We affirm the order in part, vacate in part, and remand.
 
 
 2
 Kelly's suit involves his transfer from a North Carolina prison to an Oklahoma prison. He contends that one state judge improperly failed to advise Kelly about the possibility of such a transfer. He contends that another state judge denied him due process by dismissing his state claim against the first judge. Finally, he contends that the state Secretary of Corrections breached Kelly's plea agreement by transferring him to an Oklahoma prison to serve the remainder of the sentence.
 
 
 3
 The district court properly found that the two state judges were immune from damages because they were not acting in the clear absence of jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). The district court, however, operated under a fundamental misconception of law regarding Kelly's claim that his plea agreement was breached. The court believed that the claim was not federal in nature. This is incorrect. E.g., Santobello v. New York, 404 U.S. 257 (1971). Thus, the district court abused its discretion is dismissing this claim under 28 U.S.C. § 1915(d) (1988). James v. Jacobson, 6 F.3d 233, 239 (4th Cir.1993) (abuse of discretion to dismiss under § 1915(d) where exercise of discretion flawed by erroneous legal premise).
 
 
 4
 Thus, although we affirm the order with regard to the dismissal of the complaint against the state court judges, we vacate that portion of the district court order dismissing Kelly's claim against the Secretary regarding breach of the plea agreement. We remand that claim for further proceedings not inconsistent with this opinion. We express no opinion on the ultimate merits of the claim or other defenses to the claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED